Harry F. Estill and Frances R. Estill v. Commissioner.
Estill v. Commissioner
Docket No. 67063.
United States Tax Court
T.C. Memo 1960-64; 1960 Tax Ct. Memo LEXIS 227; 19 T.C.M. (CCH) 334; T.C.M. (RIA) 60064; March 31, 1960
Robert A. Stephens, Jr., Esq., 714 First National Bank Building, Springfield, Ill., for the petitioners. Arthur N. Nasser, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The respondent determined a deficiency of $767.84 for the calendar year 1953. The sole issue for decision is whether Frances R. Estill realized long-term capital gain on the sale and partition of certain real property. All of the facts are stipulated and are so found. The petitioners filed a joint return for 1953 with the director of internal revenue at Springfield, Illinois. Petitioner Frances R. Estill's father, Frank C. Reilly, died August 7, 1945. By his will he left *228 all his estate in equal shares to his widow, June Power Reilly, and his two daughters, Frances R. Estill and Virginia R. Glore. His estate included 94.581 acres of land in St. Louis County, Missouri. On this land was situated a residence with 3.5 acres of yard. The rest of the land was farming ground. The effect of her father's will was to make petitioner Frances R. Estill the owner of an undivided one-third interest in the entire 94.581 acres. The other two-thirds were owned by her mother and her sister. On June 3, 1953, a contract of sale was entered into between petitioners, Harry F. and Frances R. Estill, June Power Reilly, Virginia R. Glore and her husband, Emmet Glore, as sellers and Joseph Heitz, as purchaser, for the sale of 91.081 acres of the 94.581 acres of land inherited by petitioner Frances R. Estill, June Power Reilly and Virginia R. Glore. Petitioners Harry F. and Frances R. Estill, June Power Reilly and Virginia R. Glore and her husband, Emmet Glore, by warranty deed dated June 29, 1953, conveyed to Joseph Heitz the above referred to 91.081 acres of land. The net proceeds from the sale amounted to $150,746.71, which was distributed as follows: Amount Dis-
Recipient
tributed
June Power Reilly
$59,273.90
Virginia R. Glore
59,273.90
Frances R. Estill
32,198.91
*229 Petitioner, Frances R. Estill, received from June Power Reilly, Virginia R. Glore and her husband, Emmet Glore, by quit claim deed dated June 29, 1953, all right, title and interest in the remaining 3.5 acres of land and the residence located thereon in which June Power Reilly and Virginia R. Glore had equal, undivided one-third interests. At the time of the sale of the 91.081 acres, the 3.5 acres and residence located thereon had a fair market value of $6,125 and $20,950, respectively. On June 29, 1953, the adjusted basis of the 3.5 acres and residence located thereon was $3,500 and $16,800, respectively. The difference between the fair market value and adjusted basis of the 3.5 acres and residence located thereon is $6,775. The tax basis of the 91.081 acres on June 29, 1953, was $87,500. The gain to be taken into account for Federal income tax purposes with respect to the 91.081 acres is $63,246.71. On the petitioners' return for the year 1953 a distribution of the gain from the sale of the 91.081 acres was reported as follows: Recipient
Amount
June Power Reilly
$23,340.57
Virginia R. Glore
23,340.57
Frances R. Estill
16,565.57
The gain of $6,775 *230 was not taken into account by petitioners in determining taxable long-term gain for the reason that they considered the same to be a "Sale in Kind" and so reported it in the schedule relating to the sale of land attached to their 1953 return. After her father's death, and until the sale of 91.081 acres, petitioner Frances R. Estill owned an undivided one-third interest in 94.581 acres of land upon which was located the residence hereinabove referred to. At all times subsequent to the year 1949 the residence located on the 94.581 acres had been rented to persons other than petitioner or her relatives. Respondent determined that petitioners realized a long-term capital gain of $21,082.24 on the sale of the 91.081 acres, computed as follows: Net Proceeds
$150,746.71
Tax Basis
87,500.00
Gain
$ 63,246.71
One-third of gain
$ 21,082.24
The petitioners say that Frances traded a part of her interest in the larger tract for the interests of her mother and sister in the residence parcel, thus effecting an exchange of property held for productive use or for investment solely for property of like kind to be held for productive use or for investment, and pursuant to *231 section 112(b)(1) of the Internal Revenue Code of 1939[1] no gain or loss upon such exchange is to be recognized. Had the heirs exchanged deeds to accomplish such a transfer of interests before the contract for sale of the other tract was made, there could be no question of this. Rev. Ruling 55-77, C.B. 1955-1, 339. The petitioners contend that they had agreed prior to that sale to make such an exchange of their interests in the residence. The petitioners refer to the facts that the deed to Frances from her mother and sister recites the consideration as "Ten dollars and partition of real estate", and bears the notation "The sole consideration being partition of realty, this deed is not stamped." No documentary stamps were affixed. The deed is dated on the same date as the deed to the larger tract. The petitioners' *232 tax return refers to the transfer as a "Sale in Kind." The respondent contends that when the heirs sold the larger tract Frances received, in effect, one-third of the proceeds and out of that sum purchased the interests of her mother and sister in the residential property. If the heirs sold the larger tract without a prior agreement, or at least a concurrent agreement, among themselves as to the residence it is clear that each would be taxable on one-third of the gain, even if they subsequently agreed that Frances should have the residence and pay the others for their interests out of the proceeds of the property sold. It is therefore incumbent upon the petitioners to prove that there was such an agreement which existed before or at the time of the agreement for the sale of the larger tract No witnesses were called in the case and the record consists entirely of a stipulation of facts and exhibits consisting of income tax returns, an undated work sheet relating to the distribution of cash received from the sale of the larger tract and the quit claim deed to Frances from her mother and sister conveying to her their interest in the smaller tract. Neither the contract of sale for *233 the larger tract nor the deed therefor are before us. This evidence does not establish when the parties entered into the purported agreement to "trade" interests in the realty. The contract of sale was made on June 3 and the deed signed and acknowledged on June 29. The agreement between the heirs may have been made in this interval. The references in the deed to partition of property are self-serving and are not enough to prove the necessary earlier agreement. The burden of proof is upon the petitioners and they have not carried it. We sustain the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 112. RECOGNITION OF GAIN OR LOSS. (b) Exchanges Solely in Kind. - (1) Property Held for Productive Use or Investment. - No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.↩